Filed 6/7/23  P. v. Marron CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B323665 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA028151) |
| v. | |
| GEORGE MARRON, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge.  Affirmed.

Kathy Moreno, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In 2005, defendant George Marron, Jr., was convicted of murder and attempted murder with gang and gun enhancements and sentenced to 50 years to life in state prison. In 2019, he petitioned for resentencing under Penal Code former section 1170.95 (now section 1172.6), based on changes to the law of murder made by Senate Bill No. 1437 (2017–2018 Reg. Sess.).[1] Three years later, the trial court found defendant eligible for relief, vacated the murder and attempted murder convictions, and imposed a new sentence for one count of felony battery. On appeal, defendant's attorney filed a brief in which she raised no issues and asked us to review the record independently to determine whether any arguable claims of error exist. (See *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Our independent review has revealed no arguable appellate issues, and we affirm.

## BACKGROUND

In 2004, defendant, along with Raymond Vallejo and Jose Jesus Medina—all members of the Lil Watts criminal street gang—attended a house party in Lake Los Angeles. When a member of a rival gang arrived, the three men followed him outside, inquired into his gang membership, and assaulted him. The victim fled to his car and drove away, along with a passenger. Medina chased the vehicle into the street and fired a gun at it, killing the driver.

Defendant and Vallejo were each convicted under the natural and probable consequences doctrine of one count of first degree murder (§ 187, subd. (a)) and one count of attempted murder (§ 664/187, subd. (a)). The jury

---

[1]     All undesignated statutory references are to the Penal Code.

also found true various enhancement allegations, including that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and that a principal discharged a firearm, causing death (§ 12022.53). Defendant and Vallejo were each sentenced to an aggregate term of 50 years to life.

On direct appeal, we reversed the convictions, finding insufficient evidence of guilt under the natural and probable consequences doctrine—the only theory under which defendant and Vallejo had been tried. (*People v. Medina* (2007) 153 Cal.App.4th 610, 615–616, review granted Oct. 31, 2007, S155823.) The California Supreme Court reversed, holding there was substantial evidence to support the convictions because a rational jury could have found Medina's act of shooting at a fleeing vehicle was a natural and probable consequence of the preceding assault. (*People v. Medina* (2009) 46 Cal.4th 913, 916.) The court reinstated the convictions and transferred the matter to us for further proceedings. (*Ibid*.) On transfer, we rejected defendants' remaining contentions and affirmed their convictions. (*People v. Medina* (Jan. 26, 2010, B189049) 2010 WL 282090, *1, *10.)

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] In addition to substantively amending sections 188 and 189 . . . , Senate Bill 1437 added [former] section 1170.95, [now section 1172.6], which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)

3

Effective January 1, 2022, the Legislature expanded eligibility for relief to defendants convicted of attempted murder under one of the now-invalid theories. (Stats. 2021, ch. 551, § 2.)

On January 7, 2019, defendant filed a petition for resentencing, alleging that he was convicted of murder under the natural and probable consequences doctrine, and, because of the changes to section 188 and 189, he could not now be convicted of murder. The trial court issued an order to show cause, held an evidentiary hearing, and denied the petitions. Without discussing the evidence or making any findings of fact, the court concluded defendant was ineligible for relief because the prosecution had proven beyond a reasonable doubt that he "could have been" convicted of murder under a direct aiding and abetting theory, and the changes in the law did not apply to attempted murder. Defendant appealed, and we reversed. (*People v. Marron* (Dec. 15, 2021, B305484) 2021 WL 5917088, *1–*2, *8.)

Upon remand, the superior court appointed counsel to represent defendant and received supplemental briefing. Because the prosecution stipulated that defendant was eligible for resentencing but disputed the target offense, the court ordered additional briefing on the topic.

After a contested hearing, the court vacated the convictions for murder and attempted murder and resentenced defendant on one count of battery (§ 242). Defendant admitted the gang allegation, which elevated the offense from a misdemeanor to a felony.[2] (§ 186.22, subds. (b), (d).) The court sentenced defendant to the middle term of two years, reimposed the original fines and fees, and declined to order defendant to serve a term of parole.

---

[2] The admission was made pursuant to *People v. West* (1970) 3 Cal.3d 595.

4

Defendant filed a timely notice of appeal, and we appointed counsel to represent him. On February 9, 2023, appellate counsel filed a brief in which she raised no issues and asked us to review the record independently under *Wende*, *supra*, 25 Cal.3d 436. The following day, we notified defendant his attorney had failed to find any arguable issues and he could submit by brief or letter any arguments he wanted this court to consider. We have not received a response.

## DISCUSSION

On December 8, 2022, and January 11, 2023, defendant wrote to the trial court judge, requesting correction of a probation report fee under section 1237.2. We note, based on our review of the record, no such fee was imposed as part of either the original sentence or the new sentence. We also note although the original sentencing court imposed $6,853.66 in victim restitution, to be paid jointly and severally with the other defendants, victim restitution was not re-imposed at defendant's resentencing. Instead, the court reserved jurisdiction over victim restitution.

We have examined the entire record, and are satisfied appellate counsel has fully complied with her responsibilities and no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–284; *Wende*, *supra*, 25 Cal.3d at pp. 442–443.)

//

//

//

//

//

5

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        ZUKIN, J.*

WE CONCUR:



COLLINS, Acting P. J.



MORI, J.

---

*Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6